# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| SOUTH MILL MUSHROOM LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>NM INTERNATIONAL TRADEZ INC., a Texas corporation; and NASIR MERCHANT, an individual,<br><br>    Defendants. | Civil Action No.: 4:26-cv-2907 |

## CIVIL ACTION COMPLAINT

This action arises from Defendant NM International Tradez Inc.'s failure to pay for perishable agricultural commodities purchased from Plaintiff South Mill Mushroom LLC. That failure caused South Mill significant financial harm, including damages, interest, costs, and attorneys' fees. As a result, South Mill brings this complaint to (a) enforce its rights under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a–t ("PACA"), including the statutory PACA trust, 7 U.S.C. § 499e(c) ("PACA Trust"), as well as under federal common law and state law, and (b) recover the damages resulting from NM International's nonpayment.

## PARTIES

1. Plaintiff is South Mill Mushroom LLC ("South Mill"), a Delaware limited liability company with its principal business location in Kennett Square, Pennsylvania and a branch location in Houston, Texas.

2. Defendants are:

   (a) NM International Tradez Inc. ("NM International"), a Texas corporation with its principal business location in Sugar Land, Texas.

   (b) Nasir Merchant, an individual who, upon information and belief, resides in Sugar Land, Texas.

## JURISDICTION

3. This Court has federal question subject matter jurisdiction over South Mill's claims because they arise under PACA, including the PACA Trust provisions and federal common law. 28 U.S.C. §1331; 7 U.S.C. §499e(b); 7 U.S.C. §499e(c)(5).

4. This Court has supplemental jurisdiction over South Mill's state-law claims, because they are so related to the PACA and federal common law claims that they form part of the same case or controversy. 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over NM International because it committed tortious acts within the State of Texas, including acts within this District, which caused damage to South Mill.

6. This Court also has personal jurisdiction over Merchant because he personally directed, controlled, and participated in substantial and intentional business

activities in Texas, including within this District, which are directly related to South Mill's claims. His failure to ensure NM International's compliance with its fiduciary duties under the PACA Trust constitutes tortious conduct that caused injury in Texas, including within this District.

## VENUE

7.    Venue is proper because this District is where (a) the contracts were entered into, (b) a substantial part of the events and omissions giving rise to South Mill's claims occurred, and (c) the relevant property is located. 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL COUNTS

8.    South Mill is a licensed produce dealer that buys and sells wholesale quantities of perishable agricultural commodities, as defined under PACA, including fresh and frozen fruits and fresh vegetables ("produce").

9.    NM International is likewise a produce dealer engaged in buying and selling produce.

10.    Between April 28, 2025, and December 11, 2025, South Mill contracted to sell produce to NM International in contemplation of interstate commerce (the "Transactions").

11.    Orders were placed by Nasir Merchant for NM International.

12.    Under the Transactions, South Mill supplied produce to NM International with a total invoiced value of $600,804.50.

13.    For each shipment, South Mill issued an invoice identifying the sale date, the quantities and types of produce sold, agreed-upon prices, and the total amount due.

14. Each invoice provided for the recovery of attorneys' fees and costs, as well as interest on past-due balances at the rate of 1.5% per month (18% per annum).

15. Upon pick-up of the produce, NM International's driver or agent signed South Mill's shipping documents, including invoices or bills of lading, thereby acknowledging receipt and acceptance of the produce.

16. NM International received, accepted, and took possession of the produce without objection.

17. Because NM International was not established in South Mill's system as a regular customer, the invoices identified the bill-to customer as "Cash Sales," and NM International's name was entered in the purchase order reference field, consistent with South Mill's ordinary and customary billing practices for such customers. 7 U.S.C. § 499e(c)(4); 7 C.F.R. § 46.46(f)(3).

18. The parties' course of dealing required NM International to make weekly payments for its purchases. But no written or formal credit agreement governed this payment practice.

19. NM International received the invoices and did not object to the invoices, their terms, or the amounts billed.

20. On December 5, 2025, Nasir Merchant acknowledged the outstanding balance owed to South Mill and represented that NM International would repay the past-due balance through weekly payments

21. Notwithstanding repeated acknowledgments of the past-due balance and repeated promises to pay, NM International failed to remit payment for the produce.

22.    NM International has failed and refused to pay South Mill the outstanding principal balance of $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## CLAIMS FOR RELIEF

## COUNT I: NM INTERNATIONAL

## BREACH OF CONTRACT

23.    South Mill incorporates by reference its allegations in paragraphs 1 through 22.

24.    South Mill and NM International entered into the Transactions. See Paragraph 10.

25.    NM International breached the contracts by failing to pay for the produce as agreed.

26.    South Mill has fully performed all conditions precedent required under the contracts.

27.    Because NM International breached the parties' contracts, South Mill has suffered damages of at least $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, South Mill requests a judgment in its favor and against NM International in the principal amount of $600,804.50, plus interest at the

rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

**COUNT II: NM INTERNATIONAL**

**FAILURE TO PAY PROMPTLY**
*7 U.S.C. §§ 499b(4), 499e(a) and 499e(b)*

28.    South Mill incorporates by reference its allegations in paragraphs 1 through 22.

29.    NM International qualifies as a produce dealer under PACA because it bought and sold at least 2,000 pounds of produce in a single day.

30.    South Mill and NM International entered into the Transactions. See Paragraph 10.

31.    As a produce dealer, NM International must tender full payment promptly to its unpaid produce suppliers and sellers.

32.    NM International failed to pay for the produce within the payment term.

33.    Because NM International failed to pay promptly, South Mill has incurred damages of at least $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, South Mill seeks an Order directing NM International to pay South Mill $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## COUNT III: DEFENDANTS

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)

34.     South Mill incorporates by reference its allegations in paragraphs 1 through 22.

35.     NM International qualifies as a produce dealer under PACA because it bought and sold at least 2,000 pounds of produce in a single day.

36.     South Mill and NM International entered into the Transactions. See Paragraph 10.

37.     The sales occurred in contemplation of interstate commerce, as the produce moved in the ordinary course of interstate trade with the expectation that it would travel from one state to another after sale.

38.     By transferring ownership, possession or control of the produce to NM International, South Mill became eligible to participate in the PACA Trust. 7 C.F.R. §46.46(c)(1).

39.     For each transaction, NM International became a trustee under the PACA Trust upon receiving and accepting the produce, with South Mill as the PACA Trust beneficiary.

40.     During the Transactions, South Mill held a valid PACA license (No. 20241136) issued by the United States Department of Agriculture.

41.     As a PACA licensee, South Mill preserved its rights as a PACA Trust beneficiary of NM International by including the PACA Trust statutory statement on each invoice to NM International.

42.     NM International breached its PACA Trust duties by failing to pay for the produce purchased from South Mill and by failing to maintain sufficient PACA Trust assets to satisfy South Mill's PACA Trust claim.

43.     As an unpaid produce supplier and seller and a PACA Trust beneficiary, South Mill is entitled to protection under the PACA Trust, including the right to payment from NM International's PACA Trust assets.

FOR THESE REASONS, South Mill seeks an Order declaring that it holds a valid PACA Trust claim against NM International in the principal amount of $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

## COUNT IV: NM INTERNATIONAL

### TO PREVENT AND RESTRAIN DISSIPATION OF THE PACA TRUST, CREATION OF COMMON FUND AND PERMANENT INJUNCTION
### *7 U.S.C. §499e(c)(5)*

44.     South Mill incorporates by reference its allegations in paragraphs 1 through 22 and 35 through 43.

45.     PACA broadly defines assets subject the PACA Trust to include all produce received by NM International in any transaction; all inventories of food or other products derived from such produce; all accounts receivable or proceeds from

the sale of the produce and its products; and all assets commingled with, purchased with, or otherwise acquired using those proceeds (collectively, "PACA Trust Assets"). See 7 U.S.C. §499e(c); 7 C.F.R. §46.46(b).

46.     As a PACA trustee, NM International is required to maintain PACA Trust Assets in a nonsegregated, floating trust so that sufficient PACA Trust Assets are freely available to satisfy outstanding obligations to South Mill and other unpaid produce suppliers with valid PACA Trust claims as those claims become due. See 7 C.F.R. §46.46(d)(1).

47.     NM International must hold the PACA Trust Assets in trust for South Mill and any unpaid produce suppliers with valid PACA Trust claims until full payment has been made on all amounts owed in connection with their respective transactions. See 7 U.S.C. §499e(c); 7 C.F.R. §46.46(c)(1).

48.     Any actions and omissions by NM International that are inconsistent with its obligations to maintain sufficient PACA Trust Assets, such as diverting those assets or impairing the ability of South Mill and other unpaid produce suppliers with valid PACA Trust claims to recover amounts owed, are unlawful under PACA and constitute dissipation of the PACA Trust. See 7 C.F.R. §§46.46(a)(2) and (d)(1).

49.     NM International accepted the produce from South Mill. See Paragraph 10.

50.     After a reasonable opportunity for further investigation or discovery, South Mill believes the evidence will show that NM International failed to satisfy its duties as a PACA trustee by failing to maintain sufficient PACA Trust Assets to satisfy

South Mill's PACA Trust claim and by diverting PACA Trust Assets to pay non-trust expenses and creditors..

51.     NM International's failure to maintain sufficient PACA Trust Assets and its diversion of those assets to non-trust obligations are unlawful under PACA and constitute dissipation of the PACA Trust.

52.     South Mill seeks to prevent and restrain further dissipation of the PACA Trust, ensure proper segregation and administration of PACA Trust Assets, and establish a common fund from which South Mill and other unpaid produce suppliers with valid PACA Trust claims may be paid.

FOR THESE REASONS, South Mill requests the Court:

(a)     Exercise in rem jurisdiction over the PACA Trust Assets;

(b)     Enjoin NM International and all persons acting in concert with it from dissipating PACA Trust Assets;

(c)     Order NM International to segregate PACA Trust Assets into a separate account to create a common fund from which South Mill and other unpaid produce suppliers with valid PACA Trust claims may receive payment;

(d)     Direct NM International to account for all PACA Trust Assets and maintain sufficient PACA Trust Assets to satisfy the claims of South Mill and other unpaid produce suppliers with valid PACA Trust claims; and

(e)     Oversee the administration of the PACA Trust Assets, including the collection and marshalling of those assets, determination of the validity and amount of claims asserted against the PACA Trust Assets, and distribution of funds to satisfy all valid PACA Trust claims.

## COUNT V: NM INTERNATIONAL

### ENFORCEMENT OF PAYMENT FROM THE PACA TRUST
*7 U.S.C. §499e(c)(5)*

53.     South Mill incorporates by reference its allegations in paragraphs 1 through 22, 35 through 43, and 45 through 52.

54.     NM International received and accepted the produce from South Mill. See Paragraph 10.

55.     After a reasonable opportunity for further investigation or discovery, South Mill believes the evidence will show that NM International has custody and control over the PACA Trust Assets from which South Mill is entitled to payment.

56.     South Mill holds a valid PACA Trust claim for the amounts owed under the Transactions.

57.     NM International breached its duties as a PACA trustee by failing to pay South Mill for the Transactions, by not maintaining sufficient PACA Trust Assets to satisfy South Mill's PACA Trust claim, and by diverting PACA Trust Assets to pay non-trust expenses and creditors.

58.     Because NM International breached its PACA trustee obligations, South Mill has suffered damages in an amount not less than $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, South Mill seeks an Order directing NM International to satisfy its obligations from the PACA Trust assets until South Mill receives full payment of the sums owed in connection with the Transactions, which is no less than $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

### COUNT VI: NM INTERNATIONAL

### FAILURE TO MAINTAIN THE PACA TRUST
### *7 U.S.C. §§ 499b(4), 499e(a) and 499e(b)*

59.     South Mill incorporates by reference its allegations in paragraphs 1 through 22, 35 through 43, 45 through 52, and 54 through 58.

60.     NM International must hold PACA Trust Assets in trust for South Mill, ensuring that these assets are freely available to satisfy its outstanding obligations to South Mill until South Mill receives full payment of the sums owed in connection with the Transactions. 7 U.S.C. § 499e(c)(2); 7 C.F.R. §§46.46(b) and (d)(1).

61.     Any acts or omissions by NM International that are inconsistent with its responsibility to maintain sufficient PACA Trust Assets to pay South Mill are unlawful and in violation of PACA. 7 U.S.C. § 499b(4).

62. After a reasonable opportunity for further investigation or discovery, South Mill believes the evidence will show that NM International breached its duties under the PACA Trust by dissipating PACA Trust Assets and failing to maintain adequate PACA Trust Assets to fully satisfy South Mill's PACA Trust claim.

63. Because NM International failed to maintain adequate PACA Trust Assets to fully satisfy South Mill's PACA Trust claim, South Mill has suffered damages equal to any portion of their claims not received from PACA Trust Assets.

FOR THESE REASONS, South Mill seeks a judgment in its favor and against NM International in an amount equal to the difference between $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs, offset by any amount recovered from NM International's PACA Trust Assets.

## COUNT VII: MERCHANT

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

64. South Mill incorporates by reference its allegations in paragraphs 1 through 22, 35 through 43, 45 through 52, 54 through 58, and 60 through 63.

65. During the Transactions, Merchant was the Officer and Director of NM International.

66. In these capacities, Merchant had control, or the ability to exercise control, over NM International's PACA Trust Assets.

67. Merchant had full knowledge of, and responsibility for, NM International's financial operations and business dealings.

68.   Merchant owed fiduciary duties to ensure that NM International complied with its duties as a PACA trustee.

69.   NM International breached its PACA Trust duties by failing to maintain sufficient PACA Trust Assets to satisfy all PACA Trust claims, including South Mill's.

70.   Merchant breached his fiduciary duties by failing to ensure NM International's compliance with its duties under the PACA Trust.

71.   Because Merchant breached his fiduciary duties, South Mill has suffered damages in an amount not less than $600,804.50, plus interest at the rate of 1.5% per month (equivalent to 18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs.

FOR THESE REASONS, South Mill seeks a judgment in its favor and against Merchant in an amount equal to the unpaid balance of $600,804.50, plus interest at the rate of 1.5% per month (18% annually) from the date each transaction became overdue, as well as attorneys' fees and collection costs, offset by any amount recovered from NM International's PACA Trust Assets.

SIGNATURE ON NEXT PAGE

Submitted on April 13, 2026.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
    Steven M. De Falco
    Southern District Tx Fed. Id No. 884872
    5385 Park Central Court, Suite 2
    Naples, FL 34109
    Telephone: (239) 513-9191
    sdefalco@meuerslawfirm.com

    *Trial Attorneys for Plaintiff South Mill*
    *Mushroom LLC*